**JOHN F. MCGRORY, JR., OSB #813115**
johnmcgrory@dwt.com
**KALEY L. FENDALL, OSB #093509**
kaleyfendall@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299


**STUART R. DUNWOODY, OSB #126084**
stuartdunwoody@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 3rd Avenue, Suite 2200
Seattle, Washington  98101
Telephone:  (206) 757-8034
Facsimile:  (206) 628-7699

      Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **LEATHERMAN TOOL GROUP, INC.**, an Oregon Corporation**,**<br><br>        **PLAINTIFF**,<br><br>    v.<br><br>**GOGOTECH II, LLC,** a New York Corporation, d/b/a **WWW.FACTORYOUTLETSTORE.COM,**<br><br>        **DEFENDANT**. | Case No. 3:14-cv-920<br><br>**COMPLAINT**<br><br>**Trademark Infringement (15 U.S.C. §1114); False Designation of Origin (15 U.S.C. §1125(a)(A)); False Advertising (15 U.S.C. §1125(a)(B)); Common Law Unfair Competition; Breach of Contract**<br><br>**DEMAND FOR JURY TRIAL** |

      For its Complaint against Defendant Gogotech II, LLC ("Defendant"), Plaintiff

Leatherman Tool Group, Inc. ("Leatherman") alleges as follows:

Page 1 - COMPLAINT

DWT 24251607v1 0093810-000007

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## NATURE OF ACTION

1.      This is an action for trademark infringement, false designation of origin, and false advertising arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*., and for unfair competition and breach of contract under the laws of the State of Oregon.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121 because it arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*  Jurisdiction over the Oregon common-law claims is also appropriate as these claims are so related to the claims brought under the Lanham Act that that they form part of the same case and controversy, and hence fall within the scope of this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1338(b) and 1367.

3.      This Court has personal jurisdiction over Defendant because Defendant has engaged in unlawful and purposeful conduct directed towards Leatherman, an Oregon corporation, and therefore has caused injury to Leatherman in Oregon.  Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in Oregon, and because Defendant is subject to personal jurisdiction in Oregon.

## THE PARTIES

4.      Leatherman is an Oregon corporation, with its principal place of business in Portland, Oregon.  Leatherman manufactures and distributes engineered multi-tools, pocket tools, and knives that are designed for outdoor, tactical, professional, and general use. Leatherman's products are distributed throughout the United States and internationally.

5.      Defendant is a New York corporation, with its principal place of business in New York, New York.  On information and belief, Defendant owns and operates www.factoryoutletstore.com, an online retail site that sells products manufactured and

DWT 24251607v1 0093810-000007

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

distributed by various consumer brands, including multi-tools, pocket tools, and knives manufactured by Leatherman.

## LEATHERMAN'S BUSINESS AND TRADEMARK RIGHTS

6.     Leatherman is the original manufacturer of the multi-tool in the United States, and is one of the world's largest manufacturers of high quality multi-tools.  Since 1983, Leatherman has engineered, manufactured, and distributed high quality multi-tools, pocket tools, and knives. Leatherman distributes its products in the United States and internationally, and its high quality multi-tools, pocket tools, and knives are well-recognized worldwide.

7.     Leatherman promotes and sells its products to end-user consumers directly both online at www.leatherman.com, as well as in its retail store, The Leatherman Store, located near its manufacturing facility in Portland, Oregon.  Leatherman also maintains a network of authorized distributors and authorized resellers who promote and sell Leatherman's products to end-user consumers through a variety of trade channels, including third-party retail stores, catalogs, and certain authorized online retail sites.  Per the terms of Leatherman's Authorized Distributor Agreement and Authorized Reseller Agreement, authorized resellers are not permitted to sell or promote Leatherman's products online in any fashion without the express consent of Leatherman.

8.     Leatherman owns a number of trademarks that it uses in connection with the promotion and sale of its multi-tools, pocket tools, and knives.  Among others, Leatherman is the owner of the entire right, title, and interest in and to the following federally-registered trademarks and design marks (collectively, the "Leatherman Marks"):

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

| Trademark | Registration No. | Registration Date | Goods |
|---|---|---|---|
| LEATHERMAN | 1,325,473 | March 19, 1985 | Multiple function folding pocket tool. |
| LEATHERMAN | 3,486,021 | August 12, 2008 | Knives, namely, pocket knives, folding knives, sport knives, hunting knives, fixed blade knives, camping knives and survival knives; knife sharpeners; hand tools, namely, pruners and game shears; sheaths for knives and multi-function tools; multi-function hunting knife comprised of two or more of the following components: knife blade, gut hook, bone saw and sharpener; multi-function hunting hand tool comprised of two or more of the following components: bypass shears, wire cutters, saw, knife blade, choke tube tool, screwdriver, awl and bottle opener; multi-function gardening hand tool comprised of two or more of the following components: bypass pruners, wire cutters, weed remover, grafting knife, bark lifter, saw, screwdriver, sprinkler tool, bottle opener, and ruler. |

DWT 24251607v1 0093810-000007

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

| Trademark | Registration No. | Registration Date | Goods |
|---|---|---|---|
|  | 3,005,162 | October 4, 2005 | Multiple-function folding hand tool including two or more of the following elements – scissors, pliers, knife, screwdriver, saw, file, can opener, awl, tweezers, bottle opener and cork puller. |
|  | 3,238,417 | May 1, 2007 | Clothing, namely, jackets, t-shirts, sweatshirts, sweat pants, caps, polo shirts, and button down shirts. |

These registrations are valid and subsisting, and Registration Nos. 1,325,473, 3,005,162 and 3,238,417 are incontestable under the provisions of the Lanham Act, 15 U.S.C. § 1065.  True and correct copies of the registration certificates for the Leatherman Marks are attached hereto as Exhibit 1.

9.    Leatherman promotes and sells its multi-tools, pocket tools, and knives under the Leatherman Marks both throughout the United States and internationally.  Additionally, and per the terms of Leatherman's Authorized Distributor Agreement and Authorized Reseller Agreement, Leatherman's authorized distributors and resellers promote and sell Leatherman's products under the Leatherman Marks.

10.    Leatherman has expended substantial time and resources promoting and advertising its products under the Leatherman Marks both throughout the United States and internationally.

11.    As a result of Leatherman's widespread marketing, sale, and distribution of Leatherman products bearing the Leatherman Marks, the Leatherman Marks have become undoubtedly associated with Leatherman's products, and have acquired distinctiveness among

DWT 24251607v1 0093810-000007

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

consumers with respect to the products and services sold under them.  Accordingly, consumers, potential consumers, and the general public identify Leatherman as the exclusive source of products and services sold under the Leatherman Marks, and have come to rely upon the Leatherman Marks as an indication that the products sold under the Leatherman Marks originate from or are otherwise associated with Leatherman.

12.     Due to Leatherman's consistent and widespread use of the Leatherman Marks, the Leatherman Marks have also come to represent and embody the valuable goodwill associated with Leatherman's high quality products, including its exceptional product design, manufacturing, and customer service.  Because the Leatherman Marks have gained significant recognition and goodwill among consumers, potential consumers, and the general public, Leatherman derives substantial value from use of the Leatherman Marks to identify its products and business.

## DEFENDANT'S WRONGFUL CONDUCT

### Defendant's Breach of Contract

13.     Leatherman entered into an Authorized Reseller Agreement with Defendant on October 8, 2013, whereby Defendant was permitted to sell Leatherman's products to end-user consumers.  Leatherman specifically authorized Defendant to resell Leatherman's products on its online retail site, www.factoryoutletstore.com.   A true and correct copy of the Authorized Reseller Agreement between Leatherman and Defendant is attached hereto as Exhibit 2.

14.     Among other obligations, Leatherman's Authorized Reseller Agreement required Defendant, as an authorized reseller of Leatherman products, to promptly and effectively respond to questions and service requests from actual and prospective end-user consumers regarding Leatherman's products.  Leatherman's Authorized Reseller Agreement with Defendant further obligated Defendant to represent Leatherman's products in a professional manner, and refrain from any conduct that is or could be detrimental to the reputation or integrity of Leatherman or its products.

DWT 24251607v1 0093810-000007

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

15.     Since Leatherman and Defendant entered into the Authorized Reseller Agreement, Leatherman has received numerous complaints directly from end-user consumers who had purchased Leatherman products from Defendant on its online retail site, www.factoryoutletstore.com.  Among other things, Leatherman received complaints from end-user consumers who purchased or attempted to purchase Leatherman's products from Defendant that:

a.   Defendant refused to exchange and/or return a Leatherman product purchased by end-user consumer on www.factoryoutletstore.com, despite Defendant's 30-day return policy;

b.   Defendant refused to honor the warranty on a Leatherman product purchased by end-user consumer on www.factoryoutletstore.com, despite the manufacturer's 25-year warranty;

c.   Defendant shipped the wrong Leatherman product, or failed to ship all Leatherman products, purchased by end-user consumer on www.factoryoutletstore.com and subsequently refused to exchange the Leatherman product or otherwise resolve the problem with the end-user consumer's purchase;

d.   Defendant refused to refund an end-user consumer for purchase of Leatherman products on www.factoryoutletstore.com where, subsequent to the end-user consumer's purchase, Defendant falsely represented to end-user consumer that the Leatherman products purchased were "discontinued," and therefore unavailable; and

e.   Defendant refused to assist an end-user consumer with exchange, return, warranty issue, or other problem with end-user consumer's purchase on www.factoryoutletstore.com, and instead directed end-user purchaser to contact Leatherman directly.

Page 7 - COMPLAINT

DWT 24251607v1 0093810-000007

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

16.     As a result of receiving reports from end-user consumers regarding Defendant's conduct set forth in Paragraph 15 (a)-(e), Leatherman terminated Defendant as an authorized reseller for breach of the Authorized Reseller Agreement.  On May 21, 2014, Leatherman provided notice of termination to Defendant, informing Defendant of its material breaches and that, as of the date of the notice of termination, Defendant was no longer an authorized reseller of Leatherman products or authorized to resell Leatherman's products to end-user consumers online at www.factoryoutletstore.com.  Additionally, Leatherman's notice of termination demanded that Defendant cease use of anything which would give actual or potential end-user consumers the impression that Defendant is an authorized reseller or representative of Leatherman or its products, or otherwise has any affiliation with Leatherman or its products.  A true and correct copy of Leatherman's notice of termination to Defendant is attached hereto as Exhibit 3.

17.     On June 4, 2014, Leatherman again reiterated its demand in writing that Defendant cease use of anything in connection with its online retail site, www.factoryoutletstore.com, that would give actual or potential end-user consumers the impression that Defendant is an authorized reseller or representative of Leatherman or its products, or otherwise has any affiliation with Leatherman or its products.

18.     Despite Leatherman's termination of Defendant's authorized reseller status, and as of the date of the filing of this Complaint, Defendant is still promoting and selling Leatherman's products on its online retail site, www.factoryoutletstore.com.  Defendant also continues to represent to end-user consumers, through direct customer service communications with end-user consumers, its use of the Leatherman Marks on www.factoryoutletstore.com, and other information regarding Leatherman products published on its online retail site, that Defendant is affiliated, associated with, or sponsored by Leatherman.  Defendant's representations and other conduct is not only false, misleading and/or confusing to end-user consumers as to Defendant's relationship with Leatherman, but is also in direct violation of the Authorized Reseller Agreement, which explicitly provides that upon termination of an authorized

Page 8 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

reseller, the former authorized reseller is to immediately cease all conduct that would give the impression that the reseller is an authorized reseller or representative of Leatherman or its products, or otherwise has any affiliation with Leatherman and its products.

19.    As a result of Defendant's conduct set forth in Paragraph 15 (a)-(e), and Defendant's continued conduct set forth in Paragraph 18, whereby Defendant has engaged in poor customer service and other conduct intended to give end-user consumers the false impression that Defendant is affiliated, associated with, or sponsored by Leatherman, Leatherman has suffered and will continue to suffer harm to its valuable goodwill and reputation, as well as future lost sales.

### Defendant's False and Misleading Statements

20.    Since Leatherman and Defendant entered into the Authorized Reseller Agreement, as well as after Leatherman's termination of Defendant's authorized reseller status, Leatherman has received reports that Defendant has made and continues to make false and/or misleading statements regarding Defendant's affiliation, association with, or sponsorship by Leatherman, as well as false and/or misleading statements regarding the nature or characteristics of Leatherman's products.  Upon information and belief, Defendant, both through information published on www.factoryoutletstore.com and through direct communications with end-user consumers, has made the following false and/or misleading statements of fact:

    a.   That Defendant's online retail site, www.factoryoutletstore.com, is the actual and/or official "factory outlet store" for Leatherman and all products manufactured by Leatherman;

    b.   That certain Leatherman products sold on Defendant's online retail site, www.factoryoutletstore.com, have been "discontinued" and are therefore unavailable when they are products that have not been discontinued by Leatherman and are widely available for purchase from Leatherman, as well as its network of authorized resellers; and

Page 9 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

    c.   That certain Leatherman products sold on Defendant's online retail site, www.factoryoutletstore.com, are on "National Back Order" and are "not available anywhere else" when they are products that are widely available for purchase from Leatherman, as well as from its network of authorized resellers.

21.    Defendant's false and/or misleading statements regarding Leatherman's affiliation, association with, or sponsorship of Defendant's online retail site, www.factoryoutletstore.com, are made for the purpose of misleading end-user consumers into believing that Defendant's online retail site is the official "factory outlet store" for Leatherman and its products, or that Defendant's online retail site is otherwise affiliated with, associated with, or sponsored by Leatherman, so that end-user consumers will purchase Leatherman products from Defendant instead of from another source, such as Leatherman or any number of its authorized resellers.

22.    Defendant's false and/or misleading statements regarding Leatherman's products, including Defendant's representations regarding the availability, status, or source of Leatherman products sold on www.factoryoutletstore.com are made for the purpose of influencing end-user consumers and potential consumers to purchase Leatherman's products from Defendant and to deter potential end-user consumers from purchasing Leatherman products elsewhere, such as directly from Leatherman or any number of its authorized resellers.

23.    Due to Defendant's false and/or misleading statements set forth in Paragraph 20 (a)-(c), end-user consumers are likely to be misled and/or confused as to Leatherman's affiliation, association with, or sponsorship of Defendant's www.factoryoutletstore.com, and as to the availability, status, or source of Leatherman products promoted and sold on Defendant's online retail site.  As a result of such false and/or misleading statements, Leatherman is likely to be injured, either by a direct diversion of sales from Leatherman to Defendant, future lost sales, or by a lessening of valuable goodwill and reputation associated with Leatherman, its products, and its customer service.

DWT 24251607v1 0093810-000007

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**Defendant's Trademark Infringement**

24.     Despite Leatherman's termination of Defendant's authorized reseller status on May 21, 2014, Defendant has continued to use the Leatherman Marks in connection with its online retail site, www.factoryoutletstore.com, in a manner that is likely to deceive consumers, potential consumers, and the general public into believing that Defendant is an authorized reseller of Leatherman products, a representative of Leatherman, or otherwise affiliated, associated with, or sponsored by Leatherman.

25.     Defendant's site www.factoryoutletstore.com uses the Leatherman Marks, including Leatherman's stylized design logo, in several areas on its site in connection with the promotion and sale of Leatherman products.  A true and correct copy of a screenshot showing Defendant's use of the Leatherman Marks on www.factoryoutletstore.com, both on the landing page for Leatherman products and on an individual product page, is attached hereto as Exhibit 4.

26.     Defendant's use of the Leatherman Marks on several pages of www.factoryoutletstore.com, including Defendant's use of Leatherman's stylized design logo, gives consumers and potential consumers the false impression that Defendant's online retail site is authorized, sponsored, or approved by Leatherman, or is likely to cause confusion or mistake as to Defendant's affiliation, association with, or sponsorship by Leatherman.  Defendant's use of the Leatherman Marks on the pages of its online retail site, www.factoryoutletstore.com, is not nominative fair use because Defendant uses more of the Leatherman Marks than is reasonably necessary to simply identify the Leatherman products it offers for sale.

27.     In addition to using the Leatherman Marks on its website, Defendant also uses the Leatherman Marks in connection with Google's AdWords and other search engine advertising that it purchases for www.factoryoutletstore.com.  Google AdWords, and other similar forms of search engine advertising, is an advertising program through which a search engine sells "keywords" or search terms that, when entered into the search engine, trigger the display of the particular advertiser's advertisement.  When a consumer enters a certain keyword, Google

Page 11 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

displays the search results generated by its own algorithm on the results page, along with the Google AdWords advertisements in a section either above or next to the other search results. Google AdWords and other similar search engine advertising programs allow advertisers to generate internet traffic to their website, and target potential consumers search the internet for a specific product or category of products.  A true and correct copy of a screenshot showing Defendant's Google AdWords advertisement for www.factoryoutletstore.com, as well as screenshots of Defendant's similar paid advertisements on other search engines, are attached hereto as Exhibit 5.

28.    Defendant uses the Leatherman Marks in various ways in connection with the Google AdWords advertising that it purchases for its site www.factoryoutletstore.com.  For instance, upon information and belief, Defendant has purchased "Leatherman," one of the Leatherman Marks, as a keyword from Google AdWords, so that if a potential consumer enters "Leatherman" into Google's search engine, an advertisement for Defendant's site appears at the very top of the consumer's search results page, above the search results displaying the actual link to Leatherman's official online retail site, www.leatherman.com.

29.    Defendant has not only purchased "Leatherman," one of the Leatherman Marks, as a keyword from Google AdWords, but also uses the Leatherman Marks in the text of the Google AdWords advertisement itself.   When a potential consumer enters the keyword "Leatherman" into Google's search engine, the advertisement that appears at the top of the consumer's search results page for Defendant's online retail site reads "Leatherman Online Store" or "Leatherman Online Store – FactoryOutletStore.com," with a display URL of "leatherman.factoryoutletstore.com."

30.    Defendant's use of the Leatherman Marks in connection with Google's AdWords advertising, particularly Defendant's use of the Leatherman Marks in connection with the advertisement    text    that    reads    "Leatherman    Online    Store"    and "leatherman.factoryoutletstore.com," not only gives the false impression that Defendant's site is

DWT 24251607v1 0093810-000007

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

the official online retail site or factory store for Leatherman and its products, but also gives potential consumers searching for Leatherman products the false impression that Defendant's online retail site is authorized, sponsored, or approved by Leatherman.    Additionally, Defendant's use of the Leatherman Marks both as a keyword and in the text of the advertisement itself is specifically intended to direct potential consumers searching for Leatherman products to Defendant's online retail site, www.factoryoutletstore.com.  Defendant's use of the Leatherman Marks in this manner is more than is reasonably necessary to identify the Leatherman products sold by Defendant on www.factoryoutletstore.com.

31.    As a result of Defendant's improper use of the Leatherman Marks, both on the pages of its online retail site and in connection with its paid internet advertising on Google and other search engines, Leatherman is likely to be injured, either by a direct diversion of sales from Leatherman to Defendant, future lost sales, or by a lessening of valuable goodwill and reputation associated with Leatherman, its products, and its customer service.

### FIRST CLAIM FOR RELIEF
### (Trademark Infringement – Lanham Act – 15 U.S.C. §1114)

32.    Leatherman realleges and incorporates by reference the allegations contained in Paragraphs 1 through 31 above.

33.    The Leatherman Marks are distinctive, have become well-recognized in the mind of consumers, potential consumers, and the general public with Leatherman's products, and have come to represent the goodwill and reputation associated with Leatherman's products and customer service.

34.    Without Leatherman's authorization or permission, and having knowledge of Leatherman's prior rights in the Leatherman Marks, Defendant has used the Leatherman Marks in connection with its online retail site, both on the pages of www.factoryoutletstore.com and in connection with paid search engine advertising for www.factoryoutletstore.com, with the intent to give potential consumers the false impression that Defendant's site is authorized, sponsored,

DWT 24251607v1 0093810-000007

**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

or approved by Leatherman, and to profit from the Leatherman Marks by diverting consumer internet traffic to Defendant's online retail site.

35.    Defendant's improper use of the Leatherman Marks in connection with its online retail site www.factoryoutletstore.com is likely to cause confusion, mistake, or confuse consumers and potential consumers by creating the false or misleading impression that Defendant is an authorized reseller of Leatherman products, and that Defendant's online retail site is associated or connected with Leatherman, or has the sponsorship, endorsement, or approval of Leatherman, when it does not, in violation of 15 U.S.C. § 1114.

36.    Defendant's use of the Leatherman Marks in connection with its site www.factoryoutletstore.com does not constitute nominative fair use because Defendant uses the Leatherman Marks in a manner that is more than reasonably necessary to identify the Leatherman products offered for sale on Defendant's online retail site.

37.    As a result of Defendant's infringement, Leatherman is likely to suffer damages, including lost sales, lost business opportunities, and damage to Leatherman's goodwill and reputation, entitling Leatherman to damages in an amount to be determined at trial.

38.    Leatherman has no adequate remedy at law and, if the Defendant's activities are not enjoined, Leatherman will continue to suffer irreparable harm and injury to its goodwill and reputation.

39.    Defendant's unlawful use of the Leatherman Marks in connection with its online retail site www.factoryoutletstore.com is both knowing and intentional, and thus Defendant's actions constitute exceptional, willful, and deliberate conduct, entitling Leatherman to its reasonable attorneys' fees and costs incurred in connection with this lawsuit pursuant to 15 U.S.C. § 1117.

DWT 24251607v1 0093810-000007

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin – Lanham Act – 15 U.S.C. §1125(a)(A))

40.    Leatherman realleges and incorporates by reference the allegations contained in Paragraphs 1 through 39 above.

41.    Defendant's improper use of the Leatherman Marks in connection with its online retail site, www.factoryoutletstore.com, is likely to cause confusion, or to cause mistake, or to deceive consumers and potential consumers as to the affiliation, connection, or association of Defendant's online retail site with Leatherman, or as to the sponsorship or approval of Defendant's online retail site by Leatherman, in violation of 15 U.S.C. § 1125(a)(A).

42.    Defendant's false and/or misleading statements regarding the relationship between Defendant's online retail site, www.factoryoutletstore.com, and Leatherman is also likely to cause confusion, or to cause mistake, or to deceive consumers and potential consumers as to the affiliation, connection, or association of Defendant's online retail site with Leatherman, or as to the sponsorship or approval of Defendant's online retail site by Leatherman, in violation of 15 U.S.C. § 1125(a)(A).

43.    As a result of Defendant's improper use of the Leatherman Marks in connection with its site www.factoryoutletstore.com, as well as Defendant's false and/or misleading statements regarding its online retail site's affiliation or connection with Leatherman, Leatherman is likely to suffer damages, including lost sales, lost business opportunities, and damage to Leatherman's goodwill and reputation, entitling Leatherman to damages in an amount to be determined at trial.

44.    Leatherman has no adequate remedy at law and, if the Defendant's activities are not enjoined, Leatherman will continue to suffer irreparable harm and injury to its goodwill and reputation.

45.    Defendant's unlawful use of the Leatherman Marks in connection with www.factoryoutletstore.com and its false and/or misleading statements regarding its online retail site's connection or affiliation with Leatherman was both knowing and intentional, and thus

Page 15 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Defendant's actions constitute exceptional, willful, and deliberate conduct, entitling Leatherman to its reasonable attorneys' fees and costs incurred in connection with this lawsuit pursuant to 15 U.S.C. § 1117.

**THIRD CLAIM FOR RELIEF**
**(False Advertising – Lanham Act – 15 U.S.C. §1125(a)(B))**

46.     Leatherman realleges and incorporates by reference the allegations contained in Paragraphs 1 through 45 above.

47.     Defendant's false and/or misleading statements on its online retail site and in direct communications with consumers or potential consumers regarding the availability, status, and source of Leatherman's products, as well as Leatherman's approval, sponsorship of, or association with www.factoryoutletstore.com, are made in commercial competition with Leatherman and made for the purpose of influencing consumers to purchase Leatherman products from Defendant instead of from another source.

48.     Defendant's false and/or misleading statements regarding Leatherman's products and Defendant's relationship with Leatherman have deceived or are likely to deceive a substantial number of consumers or potential consumers seeking to purchase Leatherman products as to the availability, status, and source of Leatherman products, or as to www.factoryoutletstore.com's affiliation, association, or connection with Leatherman.

49.     Defendant's false and/or misleading statements regarding the availability, status, and source of Leatherman's products, as well as Defendant's affiliation or connection with Leatherman, are material to consumers seeking to purchase Leatherman products, and will improperly draw consumers and potential consumers to Defendant's online retail site, www.factoryoutletstore.com.

50.     As a result of Defendant's false and/or misleading statements regarding Leatherman's products and Defendant's affiliation with Leatherman, Leatherman is likely to

Page 16 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

suffer damages, including lost sales, lost business opportunities, and damage to Leatherman's goodwill and reputation, entitling Leatherman to damages in an amount to be determined at trial.

51. Leatherman has no adequate remedy at law and, if the Defendant's activities are not enjoined, Leatherman will continue to suffer irreparable harm and injury to its goodwill and reputation.

52. Defendant knew or should have known that its false and/or misleading statements constitute a false statement of fact regarding the availability, status, or source of Leatherman's products and Defendant's affiliation with Leatherman, and thus Defendant's false and/or misleading statements constitute exceptional, willful, and deliberate conduct, entitling Leatherman to its reasonable attorneys' fees and costs incurred in connection with this lawsuit pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

53. Leatherman realleges and incorporates by reference the allegations contained in Paragraphs 1 through 52 above.

54. Defendant's improper use of the Leatherman Marks in connection with its online retail site, www.factoryoutletstore.com, are calculated to and likely to confuse, mislead, or deceive consumers as to its online retail site's affiliation, association, or connection with Leatherman, or that Leatherman has sponsored, endorsed, or approved Defendant's online retail site, and are likely to influence consumers and potential consumers to purchase Leatherman products from Defendant's online retail site instead of from another source.

55. Defendant's false and/or misleading statements regarding its online retail site's relationship with Leatherman are calculated to and likely to confuse, mislead, or deceive consumers as to www.factoryoutletstore.com's affiliation, association, or connection with Leatherman, or that Leatherman has sponsored, endorsed, or approved Defendant's online retail

Page 17 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

site, and are likely to influence consumers and potential consumers to purchase Leatherman products from Defendant's online retail site instead of from another source.

56.      As a result of Defendant's improper use of the Leatherman Marks in connection with its site www.factoryoutletstore.com, as well as Defendant's false and/or misleading statements regarding its online retail site's affiliation or connection with Leatherman, Leatherman is likely to suffer damages, including lost sales, lost business opportunities, and damage to Leatherman's goodwill and reputation, entitling Leatherman to damages in an amount to be determined at trial.

57.      Leatherman has no adequate remedy at law and, if the Defendant's activities are not enjoined, Leatherman will continue to suffer irreparable harm and injury to its goodwill and reputation.

58.      As a result of Defendant's unlawful conduct, Leatherman has incurred attorneys' fees and costs, including fees and costs incurred in connection with this lawsuit, to which it is entitled.

### FIFTH CLAIM FOR RELIEF
### (Breach of Contract)

59.      Leatherman realleges and incorporates by reference the allegations contained in Paragraphs 1 through 58 above.

60.      Leatherman and Defendant entered into an Authorized Reseller Agreement, whereby Defendant was authorized to resell Leatherman products to end-user consumers on its online retail site, www.factoryoutletstore.com.

61.      Per the terms of the Authorized Reseller Agreement, Defendant was required to promptly and effectively respond to questions and service requests from end-user and potential end-user consumers, represent Leatherman and its products in a professional manner, and refrain from engaging in any conduct that could be detrimental to the reputation or integrity of Leatherman or its products.

DWT 24251607v1 0093810-000007

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

62.    Defendant materially breached its Authorized Reseller Agreement with Leatherman in at least the following ways: (1) by failing to promptly and effectively respond to, address, and resolve questions and service requests from end-user and potential end-user consumers; and (2) by engaging in conduct, such as poor customer service and false and/or misleading statements regarding the availability, status, and source of Leatherman products, that is detrimental to the reputation, goodwill, and integrity of Leatherman and its products.

63.    Due to Defendant's material breaches of the Authorized Reseller Agreement, Leatherman terminated Defendant's status as an authorized reseller of Leatherman products.

64.    Despite Leatherman's termination of Defendant's authorized reseller status, Defendant continues to sell Leatherman products on its online retail site, www.factoryoutletstore.com.  Additionally, Defendant continues to use the Leatherman Marks in a manner that is likely to mislead or confuse consumers as to Leatherman's endorsement, approval, or sponsorship of its online retail site, and also continues to make false and/or misleading representations to consumers regarding Defendant's affiliation, association, and connection with Leatherman.  Defendant's continued conduct is in direct violation of the Authorized Reseller Agreement, which provides that upon termination a former authorized reseller must not engage in any conduct that would give the impression that the reseller is an authorized reseller of Leatherman products, a representative of Leatherman or its products, or otherwise has any affiliation with Leatherman or its products.

65.    As a result of Defendant's material breaches of the Authorized Reseller Agreement, and continued material breaches of the terminated Authorized Reseller Agreement, including but not limited to Defendant's poor customer service and false and/or misleading representations and conduct that gives end-user and potential end-user consumers the false impression that Defendant's online retail site is affiliated, associated, or connected with Leatherman, Leatherman has suffered and is likely to suffer continued damages, including damages to its goodwill and reputation and future lost sales and business opportunities.

Page 19 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

66.     Per the terms of the Authorized Reseller Agreement, Leatherman is entitled to its reasonable attorneys' fees and costs incurred in connection with this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Leatherman prays that:

1.     Defendant be permanently enjoined and restrained from: (a) engaging in any conduct which would give consumers or potential consumers the impression that Defendant or www.factoryoutletstore.com is an authorized reseller of Leatherman products, a representative of Leatherman or its products, or otherwise affiliated, associated, or connected with Leatherman or its products; (b) using the Leatherman Marks, or any other federally-registered trademark owned by Leatherman, in a manner that is more than is reasonably necessary to identify the Leatherman products sold by Defendant on www.factoryoutletstore.com; (c) using the Leatherman Marks, or any other federally-registered trademark owned by Leatherman, in any manner, including but not limited to on the pages of www.factoryoutleststore.com or in connection with paid search engine advertising for www.factoryoutletstore.com, that is calculated to confuse or mislead consumers, potential consumers, or the general public into believing that Defendant or its online retail site is associated or connected with Leatherman, or that Defendant's products are those sold under the control or supervision of Leatherman, or otherwise sponsored, approved, or endorsed by Leatherman; (d) making any false and/or misleading statements on the pages of www.factoryoutletstore.com or directly to consumers or potential consumers in connection with Defendant's sale of Leatherman products, including but not limited to the availability, status, or source of Leatherman products sold on www.factoryoutletstore.com, or Leatherman's affiliation, association with, sponsorship, or approval of Defendant's sale of Leatherman products on its online retail site.

2.     Defendant be ordered to file with this Court and serve on Leatherman's counsel within thirty (30) days after the Court's issuance of a judgment, a report setting forth in detail the

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

manner and form in which Defendant has complied with Paragraph 1 of Leatherman's Prayer for Relief.

3.    Defendant be required to pay Leatherman all damages suffered as a result of Defendant's conduct, in an amount to be determined at trial.

4.    Defendant be required to pay costs of suit, including reasonable attorneys' fees and expert witness fees.

5.    Leatherman be granted such other and further relief as this Court deems just and equitable.

DATED this 6th day of June, 2014.

**DAVIS WRIGHT TREMAINE** LLP


By  */s/ Kaley L. Fendall*

**John F. McGrory, Jr., OSB #813115**
johnmcgrory@dwt.com
**Kaley L. Fendall, OSB #093509**
kaleyfendall@dwt.com
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

**Stuart R. Dunwoody, OSB #126084**
stuartdunwoody@dwt.com
Telephone:  (206) 757-8034
Facsimile:  (206) 628-7699

Attorneys for Plaintiff

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax